```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

EDGAR OVALLES RODRIGUEZ,      :    HONORABLE JOSEPH E. IRENAS
                              :
          Petitioner,         :    CIVIL ACTION NO. 09-2499(JEI)
                              :
     v.                       :
                              :         **OPINION**
UNITED STATES OF AMERICA,     :
                              :
          Respondent.         :


**APPEARANCES:**

EDGAR OVALLES RODRIGUEZ, Petitioner *pro se*
B.O.P. No. 28545-050
Moshannon Valley Correctional Institute
555 I-Cornell Drive
Phillipsburg, PA 16866

RALPH J. MARRA, JR., ACTING UNITED STATES ATTORNEY
By: Shana W. Chen, Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
     Counsel for Respondent

**IRENAS**, Senior District Judge:

   Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (2008). For the reasons set forth below, Petitioner's application will be denied without an evidentiary hearing.

**I.**

   On March 16, 2007, Edgar Ovalles Rodriguez was arrested and charged with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, contrary to 21

U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and in violation of 21 U.S.C. § 846.

Petitioner and the Government reached a plea agreement that was signed by Petitioner and his attorney, John Caruso, on July 6, 2007.  (Gov't Ex. 1, Plea Agreement.)  Petitioner agreed to enter a guilty plea and stipulated that the offense involved at least fifteen kilograms but less than fifty kilograms of cocaine, resulting in a Base Offense Level of 34 pursuant to U.S.S.G. § 2D1.1(c)(3).  (*Id.* at Sched. A, ¶ 3.)  The parties further stipulated to a number of possible reductions, resulting in a potential Guidelines offense level of 24.[1]  (*Id.* at ¶ 11.)

The parties also agreed not to seek any departure or variance from the Guidelines.  Similarly, Petitioner agreed to waive his right to appeal or to collaterally attack the sentence if it fell within or below the Guidelines range.  (*Id.* at ¶¶ 12-13.)

On August 14, 2008, following a sentencing hearing, this Court sentenced Petitioner to a prison term of 48 months, to be followed by a five-year term of supervised release.  (Gov't Ex.

---

[1] As a minor participant in the crime, Petitioner was entitled to decreases of three and two levels, pursuant to U.S.S.G. § 2D1.1(a)(3)(ii) and § 3B1.2(b), respectively.  By accepting responsibility for the offense, Petitioner was entitled to a decrease of three levels, pursuant to U.S.S.G. § 3E1.1.  By meeting the requirements for safety valve eligibility set out in U.S.S.G. § 5C1.2, Petitioner was further entitled to a reduction of two levels and a disregard of the statutory minimum sentence, pursuant to U.S.S.G. § 2D1.1(b)(9) and § 5C1.2, respectively.

2, Sentencing Hr'g Tr. at 53.)  In addition, Petitioner was ordered to pay a special assessment of $100 to the United States. (*Id.* at 55.)

Documents on file with the Court demonstrate that Petitioner was confined in Passaic County Jail for a portion of the time before he was sentenced.  Petitioner bases his claim for relief on that time served in the Passaic County Jail, asserting that the conditions of confinement were so deplorable as to warrant a compensatory reduction in his sentence.  He filed this § 2255 Motion on March 11, 2009.[2]

**II.**

Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see also* Rules Governing § 2255 Cases, Rule

---

[2] On March 16, 2009, Petitioner filed a *pro se* motion seeking a reduction in his sentence.  On May 27, 2009, this Court construed the motion as a request for relief pursuant to § 2255 and issued the requisite notice pursuant to *U.S. v. Miller*, 197 F.3d 644, 648-49 (3d Cir. 1999).  On June 30, 2009, Petitioner responded to the *Miller* notice, asking the Court to decide the motion as originally filed.

1(a).  Thus, Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

A district court is given discretion in determining whether to hold an evidentiary hearing on a § 2255 application.  *See Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  In exercising that discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations.  *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 (3d Cir. 1991).  Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records 'show conclusively that the movant is not entitled to relief.'"  *U.S. v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *U.S. v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *Forte*, 865 F.2d at 62.

### III.

#### A.

Petitioner's theory of relief is somewhat unclear.  While it is clear that he believes he should be given time off his sentence for the time he spent in Passaic County Jail awaiting sentencing, it is not clear whether he asserts that this Court

erred in not accepting that argument (as discussed *infra*, the issue was raised at the sentencing hearing) or that Petitioner's counsel was ineffective for failing to further press the issue at sentencing. However, both claims fail. To the extent that Petitioner asserts the former, he is procedurally barred from raising the issue here.[3] To the extent that Petitioner asserts the latter, the Court now explains why that claim fails as well.

To sustain a claim of ineffective counsel, Petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a presumption that counsel's actions "might be considered sound trial strategy." *Id.* at 689. Second, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

With respect to the first prong, Petitioner does not clearly identify how he believes his counsel erred. Indeed, the sentencing transcript demonstrates that defense counsel

---

[3] Petitions under 28 U.S.C. § 2255 will not be allowed to do service for an appeal. *Sunal v. Large*, 332 U.S. 174 (1947) (denying habeas corpus relief where petitioners failed to take a direct appeal from their convictions).

incorporated the fact of Petitioner's confinement in the Passaic County Jail in his initial argument to the Court regarding the Court's balancing of the factors found in 18 U.S.C. § 3553. Specifically, defense counsel read aloud a letter Petitioner wrote to the Court which stated, in relevant part,

> During the time I've been incarcerated my family and I have suffered emotionally and financially, I never thought jails like Passaic County still existed in this world, where I served 13 months around dangerous gangs.  I do not know how I am still mentally sane.

(Gov't Ex. 2, Sentencing Hr'g Tr. at p. 20)  Thus, Petitioner cannot logically argue that his counsel was constitutionally deficient for failing to raise the issue at all, because the issue was raised.

Moreover, to the extent Petitioner might argue that defense counsel should have formally moved for a variance based on Petitioner's confinement in the Passaic County Jail, the plea agreement (signed by Petitioner and his counsel) expressly precluded such a motion.  Thus, the Court cannot hold that failing to make a formal motion was constitutional error because doing so would have breached the plea agreement, thereby creating the danger of a larger sentence.

In short, after reviewing the sentencing transcript in its entirety, and the plea agreement, the Court has identified no basis for holding that defense counsel's performance was

objectively unreasonable with respect to the Passaic County Jail issue.

Alternatively, even if the Court assumes *arguendo* that the manner in which defense counsel raised the issue was objectively unreasonable, there is no reasonable probability that Petitioner's sentence would have been different.  The Court squarely considered and rejected the issue at the sentencing hearing, noting that it specifically disagreed with counsel's argument on that point.  (Gov't Ex. 2, Sentencing Hr'g Tr. at 49, 51-52.)[4]  Nothing in the record suggests that the Court's decision would have been different had defense counsel raised the issue in a different way.

Mr. Caruso's representation of Petitioner was constitutionally reasonable, and there is no reasonable probability that Petitioner's sentence would have been different.  Accordingly, the instant Motion must be denied without an evidentiary hearing.

**B.**

Alternatively, Petitioner's claims fail because he expressly

---

[4]  The Court explained that it would not reduce the sentence based on the conditions of Passaic County Jail for two reasons: (1) in the Court's view, doing so would "punish[] society for something that wasn't society's fault" and (2) quantifying the amount of any reduction would be very difficult.  (Gov't Ex. 2, Sentencing Hr'g Tr. at 52.)

waived his right to pursue his habeas claims.

In his plea agreement, Petitioner agreed to waive "the right to file any appeal, any collateral attack, or any other writ or motion, including . . . a motion under 28 U.S.C. § 2255 . . . if the sentence falls within or below the Guidelines range."  (Gov't Ex. 1, Plea Agreement at Sched. A, ¶ 13.)

The district court will enforce a "waiver of collateral challenge rights" when (1) the waiver was entered into knowingly and voluntarily, and (2) enforcing the waiver will not work a miscarriage of justice.  *U.S. v. Mabry,* 536 F.3d 231, 237-38 (3d Cir. 2008), *cert. denied*, 129 S.Ct. 2789 (2009).

With respect to the first prong of the waiver analysis, Petitioner explicitly states that he "is not contesting his plea agreement" and that he "is not suggesting that his agreement to plea was not knowingly [sic] or intelligent."  (Petitioner's Motion at 4.)  Indeed, the plea agreement itself states that "Edgar Ovalles Rodriguez knows that he . . . voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion."  (Gov't Ex. 1, Plea Agreement at Sched. A, ¶ 13.)

With respect to the second prong, nothing in the record before the Court suggests that enforcing the waiver would work a miscarriage of justice.  As already discussed, Petitioner's claim lacks merit.

Accordingly, Petitioner's present Motion is barred by the valid waiver of collateral challenge rights contained in the plea agreement.  Petitioner's Motion will be denied without an evidentiary hearing.

**IV.**

For the reasons set forth above, this Court will deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 without an evidentiary hearing. Because the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c).  The Court will issue an appropriate Order.

Dated: July 29, 2009

    s/ Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**